UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| ADELAIDE TAMAYO, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 17-2081 |
| | ) | |
| KANKAKEE COUNTY JAIL, *et al.* | ) | |
| | ) | |
| Defendants | ) | |

.

## **MERIT REVIEW ORDER #2**

This case is before the court for a merit review of the plaintiff's amended complaint.  The court is required by 28 U.S.C. §1915A to "screen" the plaintiff's complaint, and through such process to identify and dismiss any legally insufficient claim, or the entire action if warranted.  A claim is legally insufficient if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief."  28 U.S.C. §1915A.

In reviewing the amended complaint, the Court accepts the factual allegations as true, liberally construing them in the plaintiff's favor.  *Turley v. Rednour*, 729 F.3d 645, 649 (7th Cir. 2013).  However, conclusory statements and labels are insufficient. Enough facts must be provided to "state a claim for relief that is plausible on its face." *Alexander v. U.S.*, 721 F.3d 418, 422 (7th Cir. 2013)(citation omitted).

Plaintiff alleges that while she was a pretrial detainee at Kankakee County Jail, jail officials isolated her for 24 hours a day while denying religious services and diets, showers, access to the law library, and protection from other inmates who threatened to sexually assault her.  Plaintiff also alleges that a prison guard sexually assaulted her.  Plaintiff alleges this occurred over the course of two years.

Plaintiff states a Fourteenth Amendment conditions-of-confinement claim against defendants Grant, Martin, and Kolitwenzie, the correctional officers presumably responsible for the conditions she allegedly endured. *See Budd v. Motley*, 711 F.3d 840, 842 (7th Cir. 2013) (To state a conditions-of-confinement claim, Plaintiff must allege that he suffered a sufficiently serious deprivation and that jail officials were deliberately indifferent to a serious risk of harm); *Gray v. Hardy*, 826 F.3d 1000, 1005 (7th Cir. 2016) (an adverse condition of confinement, if endured over a significant time, can become an constitutional violation even if it would not be impermissible if it were only a short-term problem). Plaintiff also states a First Amendment claim for the denial of religious accommodation. *See Grayson v. Schuler*, 666 F.3d 450 (7th Cir. 2012).

Plaintiff cannot sue other inmates as § 1983 applies only to state actors, nor can she sue the Kankakee County Jail or Sheriff's Department as they are not "persons" under the statute. *See Powell v. Cook County Jail*, 814 F. Supp. 757, 758 (N.D. Ill. 1993) (holding the Cook County Jail was not a person under Section 1983). Therefore, these defendants will be dismissed.

IT IS THEREFORE ORDERED:

1) Plaintiff's motion to amend complaint (#14) is granted. Clerk is directed to docket the amended complaint attached to plaintiff's motion.

2) Pursuant to its merit review of the amended complaint under 28 U.S.C. § 1915A, the court finds that the plaintiff states a Fourteenth Amendment claim for inhumane conditions of confinement and a First Amendment claim for the denial of religious accommodation against Defendants Grant, Martin, and Kolitwenzie. All remaining Defendants are dismissed. Any additional claims shall not be included in the case, except at the court's discretion on motion by a party for good cause shown or pursuant to Federal Rule of Civil Procedure 15.

3) This case is now in the process of service.  The plaintiff is advised to wait until counsel has appeared for the defendants before filing any motions, in order to give the defendants notice and an opportunity to respond to those motions.  Motions filed before defendants' counsel has filed an appearance will generally be denied as premature.  The plaintiff need not submit any evidence to the court at this time, unless otherwise directed by the court.

4) The court will attempt service on the defendants by mailing each defendant a waiver of service.  The defendants have 60 days from the date the waiver is sent to file an answer.  If the defendants have not filed answers or appeared through counsel within 90 days of the entry of this order, the plaintiff may file a motion requesting the status of service.  After the defendants have been served, the court will enter an order setting discovery and dispositive motion deadlines.

5) With respect to a defendant who no longer works at the address provided by the plaintiff, the entity for whom that defendant worked while at that address shall provide to the clerk said defendant's current work address, or, if not known, said defendant's forwarding address. This information shall be used only for effectuating service.  Documentation of forwarding addresses shall be retained only by the clerk and shall not be maintained in the public docket nor disclosed by the clerk.

6) The defendants shall file an answer within 60 days of the date the waiver is sent by the clerk.  A motion to dismiss is not an answer.  The answer should include all defenses appropriate under the Federal Rules.  The answer and subsequent pleadings shall be to the issues and claims stated in this opinion.  In general, an answer sets forth the defendants' positions.  The court does not rule on the merits of those positions unless and until a motion is filed by the defendants.  Therefore, no response to the answer is necessary or will be considered.

7) This district uses electronic filing, which means that, after defense counsel has filed an appearance, defense counsel will automatically receive electronic notice of any motion or other paper filed by the plaintiff with the clerk. The plaintiff does not need to mail to defense counsel copies of motions and other papers that the plaintiff has filed with the clerk. However, this does not apply to discovery requests and responses. Discovery requests and responses are not filed with the clerk. The plaintiff must mail his discovery requests and responses directly to defendants' counsel. Discovery requests or responses sent to the clerk will be returned unfiled, unless they are attached to and the subject of a motion to compel. Discovery does not begin until defense counsel has filed an appearance and the court has entered a scheduling order, which will explain the discovery process in more detail.

8) Counsel for the defendants is hereby granted leave to depose the plaintiff at his place of confinement. Counsel for the defendants shall arrange the time for the deposition.

9) The plaintiff shall immediately notify the court, in writing, of any change in his mailing address and telephone number. The plaintiff's failure to notify the court of a change in mailing address or phone number will result in dismissal of this lawsuit, with prejudice.

10) If a defendant fails to sign and return a waiver of service to the clerk within 30 days after the waiver is sent, the court will take appropriate steps to effect formal service through the U.S. Marshals service on that defendant and will require that defendant to pay the full costs of formal service pursuant to Federal Rule of Civil Procedure 4(d)(2).

11) The clerk is directed to enter the standard qualified protective order pursuant to the Health Insurance Portability and Accountability Act.

12)    The clerk is directed to terminate Defendants Kankakee County Jail, Brown, and Sheriff Dept.

13)    The clerk is directed to attempt service on the remaining defendants pursuant to the standard procedures.

14)    Plaintiff filed a Motion to Request Counsel (#4). Plaintiff has no constitutional or statutory right to counsel in this case. In considering the Plaintiff's motion, the court asks: (1) has the indigent Plaintiff made a reasonable attempt to obtain counsel or been effectively precluded from doing so; and if so, (2) given the difficulty of the case, does the plaintiff appear competent to litigate it himself? *Pruitt v. Mote*, 503 F.3d 647, 654-55 (7th Cir. 2007). Though she states she wrote several attorneys, Plaintiff has not shown that she made a reasonable effort to obtain counsel on his own. A plaintiff usually does this by attaching copies of letters sent to attorneys seeking representation and copies of any responses received. Because Plaintiff has not satisfied the first prong, the Court does not address the second. Plaintiff's motion (#4) is denied with leave to renew.

Entered this 14th day of September, 2017.

/s/Harold A. Baker

_____

HAROLD A. BAKER
UNITED STATES DISTRICT JUDGE